# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY, a Massachusetts corporation,<br><br>Plaintiff,<br><br>v.<br><br>RONALD B. GREY, an individual; MODERN ALLOYS, INC., a California corporation,<br><br>Defendant. | Case No.: 3:18-cv-02329-BEN-JLB<br>**Related Case:** 3:18-mc-00502<br><br>**ORDER GRANTING THE STIPULATION AND JOINT MOTION TO STAY THE CASE**<br><br>**[ECF No. 22]** |

## I. INTRODUCTION

This matter arises from a judgment secured by Plaintiff LIBERTY MUTUAL INSURANCE COMPANY, a Massachusetts corporation ("Plaintiff") against Defendants RONALD B. GREY, an individual ("Mr. Grey"), and MODERN ALLOYS, INC., a California corporation (collectively, "Defendants") in the amount of $769,496.85 for damages and $18,989.94 for attorneys' fees in case number SA-cv-15-2117-JLS-JCGx in United States District Court for the Central District of California (the "Underlying Judgment").  ECF No. 1.

With no activity in this case for more than one year, the Court set a Status Conference for Wednesday, April 21, 2021, at 10:30 a.m.  At the Status Conference, the

Parties indicated that Mr. Grey has been making payments according to their agreement, but given his payments will likely continue for many more years, the parties filed a Joint Motion to Stay the Case following the Status Conference. ECF No. 22. Upon review, the Court finds good cause exists for **GRANTING** the Joint Motion.

## II.     BACKGROUND

On July 13, 2016, Plaintiff obtained the Underlying Judgment, ECF No. 1, which arose out of Mr. Grey's personal guarantee of a business debt, ECF No. 11 at 2.

On April 13, 2018, Plaintiff brought this case seeking to register the Judgment secured against Defendants in the United States District Court for the Southern District of California. ECF No. 1.

On May 17, 2018, Plaintiff filed an Affidavit and Request for Issuance of a Writ of Execution, ECF No. 2, which the Clerk of the Court issued on May 30, 2018, ECF No. 3. The Writ of Execution listed the total amount as $796,055.81, which included interest after judgment, and listed the daily interest from the date of the writ as $11.23. ECF No. 3. On July 31, 2018, the U.S. Marshals Service served a wage garnishment or Earnings Withholding Order ("EWO") on Oak Creek Energy, Mr. Grey's employer. ECF No. 4. On August 16, 2018, Plaintiff attached Mr. Grey's paycheck with the EWO, and as of November 13, 2018, $7,884.00 had been garnished. ECF No. 11 at 2:4-6. Shortly thereafter, on August 31, 2018, Mr. Grey filed a Claim of Exemption, offering to have only $50.00 withhold from his paycheck each month. ECF No. 5.

On September 11, 2018, Plaintiff opposed Mr. Grey's Claim of Exemption. ECF No. 7. Thereafter, Liberty filed a Notice of Hearing and a Notice of Opposition to the Claim of Exemption. *See* ECF Nos. 6, 7. The Court construed Liberty's Notices of Hearing and Opposition as a motion seeking court action and ordered Grey to file a reply or response to Liberty's Opposition. ECF No. 10. On November 13, 2018, Mr. Grey replied, advising that he (1) gets paid two (2) times per month and (2) has a set salary, pursuant to which he receives $12,522.00 per month. ECF No. 11 at 2:8-9.

On December 21, 2018, Magistrate Judge Jill Burkhardt ordered additional briefing

from Mr. Grey, which was received, and set a hearing on the motion for January 9, 2019, *see* ECF Nos. 12, 13, which was subsequently continued to January 23, 2019 at 11:00 a.m., ECF No. 14.

On January 15, 2019, before the hearing date, Plaintiff and Mr. Grey submitted a Stipulation for Settlement of Claim of Exemption of Mr. Grey Regarding Plaintiff's Wage Garnishment. ECF No. 15. Accordingly, on January 23, 2019, Judge Burkhardt vacated the hearing and held an informal telephonic Status Conference regarding the pending Joint Motion with counsel for the parties. *See* ECF Nos. 16, 17.

On January 24, 2019, Judge Burkhardt issued an Order (1) Granting the Joint Motion for Settlement of Mr. Grey's Claim of Exemption Regarding Plaintiff's Wage Garnishment (2) and Denying as Moot, Plaintiff's Notice of Hearing and Opposition to the Claim of Exemption. ECF No. 18. Judge Burkhardt also ordered that:

1. All sums that have been garnished pursuant to the EWO, and which had been delivered by the U.S. Marshals Service to Plaintiff's counsel on or before January 9, 2019, would remain Plaintiff's property;

2. For each pay period for which the U.S. Marshals Service has received garnished wages from Mr. Grey's employer, and which the U.S. Marshals Service has in its possession as of the below dates, would be distributed as follows for each pay period:

| Dates: | No. of Pay Periods: | Amount Distributed Per Pay Period: | | Amount Repaid: |
|---|---|---|---|---|
| | | Plaintiff: | Mr. Grey: | |
| **January 11, 2019-January 15, 2019:** | 1 | $800.00 | Balance | $800.00 |
| **January 15, 2019-November 16, 2019:** | 20 | $500.00 | Balance | $10,000.00 |
| **December 1, 2019-February 16, 2020:** | 5 | $800.00 | Balance | $4,000.00 |
| **March 1, 2020-December 31, 2020:** | 20 | $1,000.00 | Balance | $20,000.00 |
| **December 31, 2020-Until Paid in Full:** | | Amounts authorized by the California Code of Civil Procedure | | Unknown |
| **TOTAL:** | | | | **$34,800.00** |

3. That from January 9, 2019 through December 31, 2020, assuming the

-3-

garnishment on the wages continues to be made in compliance with this Order, Plaintiff would forebear from issuing any bank levies on any bank account in Mr. Grey's name. If Mr. Grey becomes unemployed during this time period or the garnishment/EWO terminates for any reason other than by Plaintiff's action, Plaintiff's forbearance would terminate as well.

On May 19, 2021, Judge Burkhardt held a telephonic status conference in this matter to follow up on the status of Mr. Grey's payments. ECF No. 21.

On May 26, 2021, the parties filed the instant Stipulation for Stay of Proceedings. ECF No. 22.

### III.  LEGAL STANDARD

A court's power to stay proceedings is incidental to the inherent power to control the disposition of its cases in the interests of efficiency and fairness to the court, counsel, and litigants. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). A stay may be granted pending the outcome of other legal proceedings related to the case in the interests of judicial economy. *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979). Discretion to stay a case is appropriately exercised when the resolution of another matter will have a direct impact on the issues before the court, thereby substantially simplifying the issues presented. *Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983). In determining whether a stay is appropriate, a district court "must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254-55. "[I]f there is even a fair possibility that the stay … will work damage to some one else, the stay may be inappropriate absent a showing by the moving party of hardship or inequity." *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (citation and internal quotation marks omitted).

### IV.  DISCUSSION

The parties note that while the garnishment of Mr. Grey's wages is ongoing, it will take an extended number of years before his wages satisfy the outstanding balance of the Underlying Judgment. ECF No. 22 at 1:21-25. As part of the Stipulation, Plaintiff's

counsel agrees to file annual status reports outlining to the Court the status of Mr. Grey's repayment, with the first status report to commence on June 1, 2022. *Id.* at 1:25-2:1. The parties ask that the stay remain in effect until (1) the parties stipulate to vacate the stay; (2) the Court vacates the stay; or (3) a dismissal of the matter is filed by Plaintiff. *Id.* at 2:6-9.

Given according to the Writ of Execution, Mr. Grey owes $796,055.81, and to date, has paid an estimated amount of at least $42,684.00 (consisting of the $34,800.00 per the Court's order plus the $7,884.00 that had already been garnished), Mr. Grey still owes at least $753,371.81. Even if Mr. Grey's entire monthly salary ($12,622.00) were garnished, it would take Mr. Grey more than sixty (60) years to repay Plaintiff. Both parties agree to the Court granting the stay in this case, and as such, no damage will be done if the Court grants the stay. Further, the stay will allow the Court to retain the ability to enforce the judgment entered while also relieving it of its obligations to hold status conferences. Thus, the Court **GRANTS** the Joint Motion.

## V.   CONCLUSION

For the above reasons, the Court **ORDERS** as follows:

1. This case is stayed until (1) the parties file a stipulation with the Court to vacate the stay; (2) the Court vacates the stay; or (3) Plaintiff files a dismissal of this case.

2. During the time the stay is in effect, Plaintiff must file an annual status report with the Court, each year on June 1st, with the first status report due on June 1, 2022.

**IT IS SO ORDERED.**

DATED:   June 3, 2021

_____
HON. ROGER T. BENITEZ
United States District Judge